**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 12-1403

DANNY L. BROWN,

Plaintiff, Appellant,

v.

STATE OF RHODE ISLAND, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Torruella, Howard and Thompson,
Circuit Judges.

Danny L. Brown on brief pro se.

February 22, 2013

**Per Curiam.** Plaintiff Danny Brown, now serving a 20-year prison term on sexual-assault and child-molestation charges, appeals from the dismissal of his pro se 42 U.S.C. § 1983 action. Plaintiff brought that action against members of the Rhode Island parole board and others (the state, the governor, and the prison director), complaining that he had been denied parole for an impermissible reason--namely, the fact that he had a legal matter pending in state court. The district court screened the complaint upon filing and dismissed it for failure to state a claim, without affording plaintiff notice or an opportunity to amend. In doing so, the court invoked 28 U.S.C. §§ 1915(e) and 1915A, which permit dismissal at any time of two categories of suits--those brought in forma pauperis (IFP) and those filed by prisoners against government defendants--for, inter alia, failure to state a claim. Finding that the requirements attending such sua sponte dismissals have not been met, we vacate and remand for further proceedings.

Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded. See, e.g., Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002); Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990) (per curiam). But no such safeguards need be provided if it is "crystal clear that ... amending the complaint would be futile," i.e., if the complaint is "patently meritless and beyond all hope of redemption." Gonzalez-

Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  These same standards apply to dismissals under § 1915(e) and § 1915A. See, e.g., Abbas v. Dixon, 480 F.3d 636, 639-40 (2d Cir. 2007); Griffiths v. Amtrak, 2004 WL 1754043, at *1 (1st Cir. 2004) (per curiam); Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir. 2001).

In several respects, plaintiff's complaint is indeed incurably without merit.  Neither the state nor the other defendants in their official capacities are subject to suit for damages under § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  The claims for damages against the parole board members in their individual capacities also fail, since such defendants enjoy absolute immunity for actions taken within the scope of their official duties.  See, e.g., Johnson v. Rhode Island Parole Bd. Members, 815 F.2d 5, 6-8 (1st Cir. 1987) (per curiam).  And no claim exists against the governor or prison director in their personal capacities, since respondeat superior is unavailable and plaintiff has not alleged any direct actions taken by either of those defendants.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("vicarious liability is inapplicable to ... § 1983 suits").

But characterizing other aspects of the complaint as patently meritless is more difficult.  Plaintiff's central contention is that, after a hearing in May 2009, the parole board denied his parole application with the written explanation that he was "in court with a legal matter"--a reference, plaintiff later clarifies,

-3-

to a renewed motion for post-conviction relief then pending in
superior court. Defendants appear to have satisfied the procedural
due process requirements that apply in this context: "afford[ing]
an opportunity to be heard" and informing plaintiff "in what
respects he [fell] short of qualifying for parole." Greenholtz v.
Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979).[1] But
defendants arguably ran afoul of substantive due process. This
constitutional doctrine, according to some courts, forbids the
denial of parole for arbitrary or impermissible reasons, see, e.g.,
Graziano v. Pataki, 689 F.3d 110, 115 (2d Cir. 2012), and more
particularly for exercising one's right of access to the courts,
see, e.g., Burkett v. Love, 89 F.3d 135, 140 (3d Cir. 1996);
Inmates of Neb. Penal & Corr. Complex v. Greenholtz, 436 F. Supp.
432, 437 (D. Neb. 1976), aff'd, 567 F.2d 1381 (8th Cir. 1977).

We refrain from reaching a firm conclusion in this regard
because of the possible involvement of an additional factor: the
fact that, for sex offenders in particular, "acceptance of
responsibility for past offenses" is often a "critical first step"
in rehabilitation programs. McKune v. Lile, 536 U.S. 24, 33 (2002)
(plurality opinion).[2] Citing this factor, we have joined with

---

[1]  Rhode Island is one of the few states whose statutory
scheme has been held to create a liberty interest in parole. See,
e.g., Bishop v. State, 667 A.2d 275, 276 (R.I. 1995).

[2]  Of course, the parole board simply referred to plaintiff
being "in court with a legal matter." On its face, this could
include something that did not implicate the question of guilt--

-4-

Case 1:11-cv-00637-WES-DLM    Document 13    Filed 02/22/13    Page 5 of 7 PageID #: 108

other courts in finding no constitutional infirmity in cases where parole eligibility is conditioned upon completion of a treatment program requiring admission of guilt.  See, e.g., Newman v. Beard, 617 F.3d 775, 780-85 (3d Cir. 2010), cert. denied, 131 S. Ct. 2126 (2011); Ainsworth v. Stanley, 317 F.3d 1, 4-6 (1st Cir. 2002).  But no access-to-court issue was involved in those cases.[3]  In any event, it suffices for present purposes to conclude that plaintiff's substantive due process claim, to which he alluded in his complaint and on appeal, is not patently without merit.

The remaining question is whether injunctive or declaratory relief is available.  Plaintiff has made clear that he is not seeking an injunction ordering his immediate release--relief that would affect "the fact or duration of ... confinement" and so could only be sought in a habeas action.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  By contrast, an injunction ordering a new parole

---

such as a post-conviction challenge to his sentence, or even a civil suit unrelated to the criminal case.  As it turns out, however, plaintiff's renewed motion for post-conviction relief, which was denied by the superior court on October 28, 2011, sought to overturn his convictions.

[3]    In Jimenez v. Conrad, 678 F.3d 44 (1st Cir. 2012), one parole board member deemed it relevant that the applicant, who had been convicted of murder, had unsuccessfully moved for a new trial several years earlier.  We noted that "a successful attempt to obtain a new trial could not be held against him consistently with due process," but that "consideration of an unsuccessful effort" was permissible since refusal to "accept responsibility for the crime" affected "the chance of recidivism." Id. at 48.  We had no occasion there to consider what would happen if the motion for new trial had been pending at the relevant time.

hearing could be sought in a § 1983 action. <u>See</u> <u>Wilkinson</u> v.

<u>Dotson</u>, 544 U.S. 74, 82 (2005). But such a request (which

plaintiff has not explicitly advanced) arguably would be barred by

the Federal Courts Improvement Act (FCIA), Pub. L. No. 104-317, 110

Stat. 3847, § 309(c), which in 1996 amended § 1983 to restrict

injunctive relief against "judicial officers."[4] Most courts to

have addressed the issue have concluded that the FCIA applies to

quasi-judicial officials like parole board members, <u>see</u>, <u>e.g.</u>, <u>Roth</u>

v. <u>King</u>, 449 F.3d 1272, 1287 (D.C. Cir. 2006); <u>Montero</u> v. <u>Travis</u>,

171 F.3d 757, 761 (2d Cir. 1999), although the vote has not been

unanimous, <u>see</u> <u>Simmons</u> v. <u>Fabian</u>, 743 N.W.2d 281 (Minn. Ct. App.

2007).

The availability of declaratory relief, in turn, might depend

on matters not revealed by the present record. We have stated that

a "declaratory judgment is unavailable where ... there is no

ongoing legal violation." <u>Mills</u> v. <u>State of Maine</u>, 118 F.3d 37, 55

(1st Cir. 1997) (footnote omitted). In other words, "declaratory

judgment is meant to define the legal rights and obligations of the

parties in anticipation of some future conduct, not simply to

proclaim liability for a past act." <u>Ysais</u> v. <u>State of New Mexico</u>,

2010 WL 1511403, at *1 (10th Cir. 2010). But the record does not

---

[4] In pertinent part, the FCIA provides that "in any action
brought against a judicial officer for an act or omission taken in
such officer's judicial capacity, injunctive relief shall not be
granted unless a declaratory decree was violated or declaratory
relief was unavailable." 42 U.S.C. § 1983.

Case 1:11-cv-00637-WES-DLM    Document 13    Filed 02/22/13    Page 7 of 7 PageID #: 110

disclose whether plaintiff still is "in court with a legal matter."
Nor, if a new parole hearing cannot be ordered because of the
unavailability of injunctive relief, is it clear whether plaintiff
will receive another regularly-scheduled hearing before his release
date.

Given these various considerations, the question of whether
plaintiff has stated a claim is not without some difficulty.  But
what can be safely concluded is that plaintiff's complaint is not
"patently meritless and beyond all hope of redemption."  <u>Gonzalez</u>,
257 F.3d at 37.  We thus vacate the judgment and remand for further
proceedings not inconsistent with this decision.

<u>Vacated and remanded.</u>